# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:01cr44 |
| | § | (Judge Schell) |
| RANDELL DALE THOMPSON (5) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 24, 2009, to determine whether Defendant violated his supervised release. Defendant was represented by Steven Miears. The Government was represented by Maureen Smith.

On March 1, 2002, Defendant was sentenced by the Honorable Paul Brown to ninety-six (96) months' custody followed by five (5) years of supervised release for the offense of Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture, Distribute or Dispense Methamphetamine. On June 27, 2008, Defendant completed his period of imprisonment and began service of his supervised term.

On March 13, 2009, the U.S. Pretrial Services Officer signed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory conditions: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not possess a firearm, destructive device, or any other dangerous weapon, as defined in 18 U.S.C. § 3563(b)(8). The petition also alleged a violation of the following standard conditions: (1) the defendant shall not leave the judicial district without the permission of the Court or probation officer.

The petition alleges that Defendant committed the following acts with regard to the mandatory condition: (1) On March 13, 2009, the defendant was arrested for allegedly committing the offense of aggravated assault with a deadly weapon. The defendant allegedly struck his girlfriend numerous times with a golf club until it broke on her shoulder. The petition also alleges that Defendant committed the following acts with regard to the standard conditions: (1) the U.S. Probation office received information from the Midwest City, OK, Police Department that the defendant was a victim of assault on December 25, 2008. The defendant did not have permission to leave the Eastern District of Texas.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations. The Court recommends that Defendant's supervised release be modified.

## RECOMMENDATION

The Court recommends that the District Judge modify Defendant's supervised release. Defendant's supervised release should be modified as follows: (1) The Defendant shall be placed on home detention for a period not to exceed 120 days, to commence immediately. During this time, the Defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer; (2) the Defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period; (3) At the direction of the probation officer, the Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The Defendant shall pay the cost associated with his program of electronic monitoring; (4) The Defendant shall abstain from the use of alcohol and/or all other intoxicants; and (5) the Defendant shall not reside or have contact with Lisa Fahey.

After the Court announced the recommended sentence, Defendant executed the consent to

revocation of supervised release and waiver of right to be present and speak at sentencing. The parties also waived the ten (10) day period for objections.

**SIGNED this 27th day of July, 2009.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE