# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:01cr44 |
| | § | (Judge Schell) |
| RANDELL DALE THOMPSON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 30, 2009, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Maureen Smith.

On March 1, 2002, Defendant was sentenced to ninety-six (96) months' custody followed by five (5) years of supervised release for the offense of Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture, Distribute or Dispense Methamphetamine. On June 27, 2008, Defendant's supervised release began.

On September 8, 2009, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: the Defendant shall not commit another federal, state, or local crime. The petition also alleged the violations of the following standard conditions: (1) the Defendant shall not leave the judicial district without permission of the Court or probation officer; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (3) the Defendant shall not associate with any persons engaged in criminal activity,

and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. The petition also alleges a violation of the following special condition: Defendant shall abstain from the use of alcohol and/or all other intoxicants.

The petition alleges that Defendant committed the following acts: (1) On August 27, 2009, Defendant was observed speeding in Oklahoma heading south. Oklahoma Highway Patrol initiated a traffic stop in Texas. At that time, the Texas Department of Public Safety responded, and it was determined that Defendant was too intoxicated to drive, and he was arrested for driving while intoxicated; (2) the Defendant posted a $1500 bond and the driving while intoxicated charge is currently pending in Grayson County, Texas; and (3) At the time of his arrest, Defendant was in the company of Joey Torres, a convicted felon.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. The Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months with fifty-two (52) months of supervised release to follow. It is also recommended that Defendant be housed in the Bureau of Prisons, Seagoville Unit.

The Court further recommends the following conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the Defendant shall report in person to the probation office in the district to which the Defendant is released.

While on supervised release, the Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring fine payments and his efforts at maintaining lawful employment.

The Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

Under the guidance and direction of the U.S. Probation Office, the Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

The Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

The Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 1st day of October, 2009.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE