# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 4:01cr44 |
| v. | § | |
| | § | |
| RANDELL DALE THOMPSON (5) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 19, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Jay Combs.

On March 1, 2002, Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to a sentence of 96 months imprisonment followed by a 5-year term of supervised release for the offense of conspiracy to manufacture, distribute or possess with intent to manufacture distribute or dispense methamphetamine. This matter was re-assigned to the Honorable Richard A. Schell, United States District Judge. Defendant began his term of supervision on June 27, 2008. The term of supervised release was revoked on October 7, 2009, and Defendant was sentenced to seven

1

months imprisonment followed by an additional 52-month term of supervised release. Following his revocation, this new term of supervised release started on April 16, 2010.

On September 28, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 840). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall not commit another federal, state, or local crime; (4) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; and (5) Defendant shall not leave the judicial district without permission of the Court or probation officer.

The petition alleges that Defendant committed the following violations: (1) on August 13, 2010, Defendant submitted a urine specimen that tested positive for methamphetamine, and Defendant admitted to using said substance on August 6 and 10, 2010; (2) on September 17, 2010, Defendant admitted to using methamphetamine on or about September 15 and 16, 2010; (3) on September 20, 2010, Defendant submitted a urine specimen that tested positive for methamphetamine, and Defendant admitted to using said substance on September 18 and 19, 2010; (4) on September 17, 2010, Defendant reported to the U.S. Probation Office in Sherman, Texas and possessed with the intent to use a devise, namely a "whizzinator", designed to falsify a drug test,

said device was discovered on Defendant while he was portraying to provide a urine specimen for testing, is in violation of Texas Health and Safety Code § 481.133, and, as of the date of the filing of the petition, no charges have been filed in Sherman, Texas; and (5) Defendant traveled out of the judicial district on or about April 16 through April 18, 2010, by traveling to Galveston, Texas without the permission of the Court or the probation officer.

At the hearing, Defendant entered a plea of true to the alleged violations of conditions of his supervised release. The Court finds that Defendant has violated the terms of his supervised release. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court heard from counsel regarding the proposed sentencing range.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the October 19, 2010 hearing, the Court recommends that Defendant be committed to of the Bureau of Prisons to be imprisoned for a term of 13 months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville, if appropriate.

**SIGNED this 27th day of October, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE